**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4483**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN MOORE, a/k/a Carles Tyson Moore,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Beckley.  Robert C. Chambers, District Judge. (CR-03-262)

Submitted:  October 29, 2004          Decided:  November 17, 2004

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, David R. Bungard, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, Monica L. Dillon, Special Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sean Moore, a federal prisoner, was indicted on one count of possession of marijuana by a prison inmate, in violation of 18 U.S.C. § 1791(a)(2) (2000). Moore moved to dismiss the indictment on the grounds that his detention in administrative segregation for five and a half months prior to his indictment violated his due process and speedy trial rights under the Fifth and Sixth Amendments. The district court denied the motion. Following a bench trial, the district court found Moore guilty and sentenced him to four months in prison to run consecutively to his undischarged sentence. Moore appealed, asserting that the district court erred by denying his motion to dismiss the indictment. Finding no merit to his claims, we affirm.

Regarding Moore's Fifth Amendment claim, a defendant "may invoke due process to challenge delay both before and after official accusation." Doggett v. United States, 505 U.S. 647, 655 n.2 (1992). To determine whether preindictment delay violates the Due Process Clause of the Fifth Amendment, we examine: (1) whether the defendant can show that he has suffered any actual substantial prejudice; and (2) if so, whether the reasons for the delay justify the prejudice to the defendant. United States v. Automated Med. Labs., Inc., 770 F.2d 399, 403-04 (4th Cir. 1985); see Jones v. Angelone, 94 F.3d 900, 907 (4th Cir. 1995) (noting that defendant's burden is a heavy one). Because Moore failed to demonstrate any

actual prejudice in this case, we conclude that he failed to establish a due process violation.

Turning to Moore's Sixth Amendment claim, he argues that his placement in administrative segregation deprived him of his right to a speedy trial. However, "[t]he speedy trial right does not apply to . . . preindictment delay because that right does not attach until the defendant has been arrested or indicted." Jones, 94 F.3d at 906 n.6. Confinement in administrative segregation is not equivalent to an arrest or accusation for Sixth Amendment purposes. See United States v. Daniels, 698 F.2d 221, 223 (4th Cir. 1983). Therefore, Moore's placement in administrative segregation did not trigger his right to a speedy trial under the Sixth Amendment.

Accordingly, we affirm Moore's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED